UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JIMMY WAYNE HAMMONDS
a/k/a "The Monkey Whisperer"

CASE NO. 8:20 cr 401 02 AAS

18 U.S.C. § 371
16 U.S.C. § 3372(a)(2)
16 U.S.C. § 3372(d)
16 U.S.C. § 1538(a)
18 U.S.C. § 1512(b)

**INDICTMENT**

The Grand Jury charges:

## Introduction

At times material to this indictment:

1.    JIMMY WAYNE HAMMONDS was a resident of the Middle District of Florida and the owner and operator of The Monkey Whisperer, LLC, an entity in the Middle District of Florida in the business of breeding and selling wildlife.

2.    The capuchin monkey was a primate whose possession and transfer was restricted by law and regulation. Under Florida law, it was unlawful to transfer a capuchin monkey to an unpermitted entity within Florida. *See* Fla. Admin. Code R. 68A-6.0023(7) (2018). Likewise, under California law, it was unlawful to import, transfer, or possess a capuchin monkey without a permit. *See*

14 Cal. Code Regs. tit. 14, § 671; Cal. Fish & Game Code § 2118.

3.      PERSON 1 was an individual residing in California who did not have a permit to lawfully possess a capuchin monkey in California.

4.      PERSON 2, who was an associate of PERSON 1, was an individual residing in California who did not have a permit to lawfully possess a capuchin monkey in California.

5.      PERSON 3 was a wildlife transporter who did not have a permit to lawfully possess a capuchin monkey in California or in Florida.

6.      The Lacey Act made it unlawful for any person to, among other things, import, export, transport, sell, receive, acquire, or purchase any wildlife that were taken, possessed, transported, or sold in violation of any law or regulation of any state or the United States. 16 U.S.C. § 3372(a).

7.      The cotton-top tamarin, also known as the cotton-top marmoset, was a primate whose transfer was restricted by law and regulation. The cotton-top tamarin was listed as an endangered species. 41 Fed. Reg. 45990, 45990; 50 C.F.R. § 17.11(h). The Endangered Species Act prohibited, among other things, the interstate sale or transport of wildlife listed as an endangered species. 16 U.S.C. § 1538(a)(1).

2

## COUNT ONE
### (Conspiracy to Violate the Lacey Act)

### A.    The Conspiracy

Beginning on an unknown date, but no later than on or about September 28, 2017, continuing through on or about February 15, 2018, in the Middle District of Florida, and elsewhere, the defendant,

### JIMMY WAYNE HAMMONDS,

knowingly conspired with others, both known and unknown to the grand jury, to commit offenses against the United States, in violation of 16 U.S.C. §§ 3372(a)(2) and 3373(d)(1)(B), to wit: to knowingly engage in conduct that involved the sale, intent to sell, purchase, and intent to purchase of wildlife with a market value in excess of $350, that is, a capuchin monkey, and knowingly transport, sell, receive, acquire, and purchase this wildlife in interstate commerce, knowing that this wildlife was possessed and transported in violation of the laws and regulations of any state, that is, Fla. Admin. Code R. 68A-6.0023(7) (2018), Cal. Code Regs. tit. 14, § 671, and Calif. Fish & Game Code § 2118.

### B.    Manner and Means

The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among other things, the following:

a.     It was a part of the conspiracy that HAMMONDS and the conspirators would and did arrange for the transportation and sale of a capuchin

3

monkey to PERSON 1, even though PERSON 1 resided in California and lacked a permit to lawfully possess a capuchin monkey in California.

b.      It was a further a part of the conspiracy that HAMMONDS and the conspirators would and did transport and facilitate the transport of the capuchin monkey from Florida to California, even though the individuals transporting the capuchin lacked the necessary permits to possess a capuchin monkey in Florida and California.

c.      It was a further a part of the conspiracy that PERSON 1 would and did receive and possess the capuchin monkey in California.

d.      It was further a part of the conspiracy that the conspirators would and did attempt to conceal aspects of the unlawful scheme by making it appear that the capuchin monkey had been sold and transferred to an individual residing in Nevada, when in truth the capuchin monkey had been sold and transferred to PERSON 1 in California.

## C.   Overt Acts

In furtherance of the conspiracy and to effect its objects, HAMMONDS and his conspirators committed the following overt acts, among others, in the Middle District of Florida, and elsewhere:

a.      From on or about September 28, 2017, through on or about October 26, 2017, HAMMONDS communicated via cell phone with PERSON 2 to

4

discuss the transportation, sale, and maintenance of the capuchin monkey.

      b.    On or about October 2, 2017, HAMMONDS asked PERSON 2 that $12,650 be deposited into HAMMONDS's bank account for the capuchin monkey and all associated expenses, including delivery.

      c.    On or about October 2, 2017, HAMMONDS received in his bank account a deposit of $12,650 from the account of PERSON 1.

      d.    On or about October 9, 2017, in Florida, HAMMONDS transferred the capuchin monkey to PERSON 3.

      e.    On or about October 11, 2017, PERSON 3 traveled to Nevada with the capuchin monkey.

      f.    On or about October 11, 2017, PERSON 2 traveled to Nevada, where PERSON 2 met with PERSON 3.

      g.    On or about October 11, 2017, PERSON 2 and PERSON 3 traveled from Nevada to California with the capuchin monkey.

      h.    On an unknown date, but no earlier than on or about October 11, 2017, PERSON 2 transferred the capuchin monkey to PERSON 1 in California.

      i.    Beginning on an unknown date, but no earlier than on or about October 11, 2017, PERSON 1 possessed the capuchin monkey at his California residence until law enforcement officers seized the capuchin monkey on or about January 3, 2018.

5

j.      On or about January 3, 2018, HAMMONDS and PERSON 2 communicated via cell phone regarding what to tell law enforcement about the capuchin monkey.

k.      On or about February 15, 2018, HAMMONDS submitted to a law enforcement officer records falsely stating that the capuchin monkey had been sold to an individual residing in Nevada.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Lacey Act Trafficking)

The Grand Jury hereby realleges and incorporates by reference Sections B and C of Count One of this indictment.

Beginning on an unknown date, but no later than on or about September 28, 2017, continuing through on or about October 11, 2018, in the Middle District of Florida, and elsewhere, the defendant,

### JIMMY WAYNE HAMMONDS,

knowingly engaged in conduct that involved the sale of and intent to sell wildlife with a market value in excess of $350, that is, a capuchin monkey, and knowingly transported and sold this wildlife in interstate commerce, and aided and abetted the same, knowing that this wildlife was possessed and transported in violation of the laws and regulations of any state, that is, Fla. Admin. Code R. 68A-6.0023(7) (2018), Cal. Code Regs. tit. 14, § 671, and Calif. Fish & Game Code § 2118.

6

All in violation of 16 U.S.C. §§ 3372(a)(2) and 3373(d)(1)(B) and 18 U.S.C. § 2.

## COUNT THREE
### (Lacey Act False Record)

The Grand Jury hereby realleges and incorporates by reference Sections B and C of Count One of this indictment.

On dates unknown, but including at least on or about February 15, 2018, in the Middle District of Florida, the defendant,

### JIMMY WAYNE HAMMONDS,

knowingly made and submitted false records concerning wildlife, that is, a capuchin monkey, in that the defendant made and submitted to a law enforcement officer records stating that the capuchin monkey had been sold to an individual residing in Nevada, when in truth, and as the defendant then knew, the defendant had sold the capuchin monkey to a different individual residing in California, PERSON 1, and this wildlife had been sold and transported in interstate commerce, and the defendant's making of and submission of the false record involved the sale of wildlife with a market value greater than $350.

All in violation of 16 U.S.C. § 3372(d)(2), § 3373(d)(3)(A)(ii), and 18 U.S.C. § 2.

7

## COUNT FOUR
### (Endangered Species Act)

On or about March 10, 2016, in the Middle District of Florida, the defendant,

### JIMMY WAYNE HAMMONDS,

knowingly sold and offered for sale in interstate commerce wildlife, that is, a cotton-top tamarin, to an individual residing in Wisconsin, and that wildlife was listed as an endangered species.

In violation of 16 U.S.C. § 1538(a)(1), § 1540(b)(1), and 18 U.S.C. § 2.

## COUNT FIVE
### (Endangered Species Act)

On or about April 7, 2017, in the Middle District of Florida, the defendant,

### JIMMY WAYNE HAMMONDS,

knowingly sold and offered for sale in interstate commerce wildlife, that is, a cotton-top tamarin, to an individual residing in Alabama, and that wildlife was listed as an endangered species.

In violation of 16 U.S.C. § 1538(a)(1), § 1540(b)(1), and 18 U.S.C. § 2.

## COUNT SIX
### (Endangered Species Act)

On or about October 24, 2017, in the Middle District of Florida, the defendant,

### JIMMY WAYNE HAMMONDS,

8

knowingly sold and offered for sale in interstate commerce wildlife, that is, two cotton-top tamarins, to an individual residing in South Carolina, and that wildlife was listed as an endangered species.

In violation of 16 U.S.C. § 1538(a)(1), § 1540(b)(1), and 18 U.S.C. § 2.

## COUNT SEVEN
### (Witness Tampering)

On or about August 12, 2020, in the Middle District of Florida, the defendant,

### JIMMY WAYNE HAMMONDS,

knowingly attempted to corruptly persuade another person to tell a law enforcement officer that she had purchased cotton-top tamarins at a flea market and that the cotton-top tamarins had died, when in truth that person had purchased the cotton-top tamarins from the defendant and later returned the cotton-top tamarins to the defendant, with the intent to hinder, delay, and prevent the communication of information relating to the commission of a federal offense, that is, the federal offense alleged in Count Six, to a law enforcement officer of the United States.

In violation of 18 U.S.C. § 1512(b)(3).

## FORFEITURE

1.     The allegations contained in this information are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 16

U.S.C. § 3374, § 1540(e)(4) and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 16 U.S.C. § 3372, the defendant shall forfeit to the United States, pursuant to 16 U.S.C. § 3374 and 28 U.S.C. § 2461(c), all fish or wildlife or plants imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of 16 U.S.C. § 3372, or any regulation issued pursuant thereto.

3.     Upon conviction of a violation of 16 U.S.C. § 1538, the defendant shall forfeit to the United States, pursuant to 16 U.S.C. § 1540(e)(4) and 28 U.S.C. § 2461(c), fish or wildlife or plants taken, possessed, sold, purchased, offered for sale or purchase, transported, delivered, received, carried, shipped, exported, or imported contrary to the provisions of 16 U.S.C. § 1538, or any regulation issued pursuant thereto.

4.     If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided

without difficulty, the United States of America shall be entitled to forfeiture of

substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by

28 U.S.C. § 2461(c).

A TRUE BILL,

_____

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____

Colin P. McDonell
Assistant United States Attorney

By: _____

Carlton C. Gammons
Assistant United States Attorney
Acting Chief, Special Victims Section

11

FORM OBD-34
December 20

No.

## UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JIMMY WAYNE HAMMONDS
a/k/a "THE MONKEY WHISPERER"

## INDICTMENT

Violations:   18 U.S.C. § 371; 1512(b)(3); AND
16 U.S.C. §§ 3372(a), 3373(d)(1)(B), 3372(a), 3373(d)(1)(B),
3372(d)(2), 3373(d)(3)(A)(ii), 1538(a)(1), 1540(b)(1)

A true bill,

_____
Foreperson

Filed in open court this 16th day

of December 2020.

_____
Clerk

Bail $_____